UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IMATION CORPORATION,

Plaintiff,

-v.-

QUANTUM CORPORATION,

Defendant.

Civil Action No.: 01-1798 RHK/JMM

**PROTECTIVE ORDER**

**PROTECTIVE ORDER**

The following Protective Order shall apply in the above-captioned action.

1. PURPOSE

It is the purpose of this Protective Order to allow the parties to have reasonable access to information from other parties while protecting confidential trade secret or other commercially valuable information without frequent resort to determinations of discoverability by the Court.

2. DEFINITIONS

2.1. Party: "Party" means Quantum Corporation ("Quantum") and Imation Corporation ("Imation") including officers and directors of such parties. Any other party to this litigation may sign this Protective Order and have access to materials exchanged in this litigation pursuant to the terms of this Protective Order.

2.2. Third Party "Third Party" means any non-Party, including officers and directors of such Third Party, which may be called to produce Discovery Material in this litigation pursuant to the terms of the Protective Order. A Third Party called to produce Discovery Material in this litigation shall be sent a copy of this Protective Order. The Third Party may, subject to the consent of other Parties to this Protective Order and the Third Party's

FILED JAN 0 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

::ODMA\PCDOCS\FBDOCS1\2601954\1

agreement to be bound by the terms hereby, be added as a further signatory to this Protective Order.

2.3. Discovery Material: "Discovery Material" means any information, document, or tangible thing, response to discovery requests, or subpoenas or subpoenas duces tecum, deposition testimony or transcript, including material which is voluntarily produced, and any other similar materials, or portions thereof.

2.4. Confidential Information: "Confidential Information" is defined herein as information which concerns or relates to (i) sales, marketing, or product development strategies or tactics, (ii) testing data and analysis, (iii) customer information, or (iv) technical details of products.

2.5. Attorneys' Eyes Only — TRADE SECRET — Information: "Attorneys' Eyes Only Information" is defined as Confidential Information which concerns or relates to either (a) a trade secret within the meaning of the Uniform Trade Secrets Act asserted by a Party or (b) is otherwise Confidential Information shared, exchanged, or communicated between the Parties.

2.6. Attorneys' Eyes Only — CONFIDENTIAL — Information: "Attorneys' Eyes Only Information" is defined as Confidential Information or Attorneys' Eyes Only — TRADE SECRET — Information which concerns or relates to information not otherwise disclosed publicly by a Party, except in confidence including, but not limited to, any (a) marketing plans, sales forecasts and pricing strategies, (b) testing details and analysis, (c) technical details of products or future products including software programs or source code, and (d) compilations of information for business valuation and strategic planning purposes.

2.7. Receiving Party: "Receiving Party" means a Party to this action that receives Discovery Material from a Producing Party or a Producing Third-Party.

2.8. Producing Party: "Producing Party" means a Party to this action or any Third Party, and all directors, employees and agents (other than Counsel) of the Party that produces or otherwise makes available Discovery Material to a Receiving Party.

2.9. Protected Material: "Protected Material" means any Discovery Material that is designated as Confidential or Attorneys' Eyes Only in accordance with paragraphs 3.1 and 3.2 below, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material.

2.10. Counsel: "Counsel" means any attorney representing any Party herein, and their respective secretarial and other assistants who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action.

2.11. Independent Expert: "Independent Expert" means an expert and/or independent consultant retained or employed to testify in the trial of this action. Non-testifying experts are those independent experts retained to advise or to assist Counsel in matters related to the litigation.

3. DESIGNATION OF PROTECTED MATERIAL

3.1. Designation of Confidential Information: Any portion of any document or oral testimony produced or given in this action that is asserted by the Producing Party to contain or constitute Confidential Information shall be so designated by such Producing Party. Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "CONFIDENTIAL INFORMATION OF (Producing Party's name)" or other comparable notice. Each page of a document containing or constituting Confidential Information shall be marked "CONFIDENTIAL INFORMATION OF (Producing Party's Name)" or other comparable notice. Any page not so marked shall not be subject to the terms of this Order which apply to such material. Transcript pages containing or constituting Confidential Information shall be separately bound by the court reporter and marked "CONFIDENTIAL INFORMATION" on each such page. If the Receiving Party wishes to show non-Confidential portions of a document or transcript containing Confidential Information to a person or Party not described below in paragraph 4.2, it shall first redact all pages marked as containing Confidential Information.

3.2. Designation of Attorneys' Eyes Only — Trade Secret Information: Any portion of any document or oral testimony produced or given in this action that is asserted by the Producing Party to contain or constitute Attorneys' Eyes Only — Trade Secret Information shall be so designated by the Producing Party. Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "CONFIDENTIAL INFORMATION OF (Producing Party's Name) — ATTORNEYS' EYES ONLY — TRADE SECRET" or other comparable notice. Each page of a document containing or constituting Attorneys' Eyes Only Information shall be marked "CONFIDENTIAL INFORMATION OF (Producing Party's Name) — ATTORNEYS' EYES ONLY — TRADE SECRET" or other comparable notice. Any page not so marked shall not be subject to the terms of this Order which apply to such material. Transcript pages containing or constituting Attorneys' Eyes Only Information shall be separately bound by the court reporter and marked "ATTORNEYS' EYES ONLY — TRADE SECRET" on each page. If the Receiving Party wishes to show non-Attorneys' Eyes Only portions of a document or transcript containing Attorneys' Eyes Only Information to a person or Party not described below in paragraph 4.3, it shall first redact all pages marked as containing Attorneys' Eyes Only — Trade Secret Information. For the purpose of Attorneys' Eyes Only — Trade Secret Information only, each Receiving Party may designate four employees who are currently employed by the Receiving Party and agree to be bound by this Protective Order.

3.3. Designation of Attorneys' Eyes Only — Confidential Information: Any portion of any document or oral testimony produced or given in this action that is asserted by the Producing Party to contain or constitute Attorneys' Eyes Only Information shall be so designated by the Producing Party. Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "CONFIDENTIAL INFORMATION OF (Producing Party's Name) — ATTORNEYS' EYES ONLY" or other comparable notice. Each page of a document containing or constituting Attorneys' Eyes Only Information shall be marked "CONFIDENTIAL INFORMATION OF (Producing Party's Name) — ATTORNEYS' EYES ONLY" or other comparable notice. Any page not so marked shall not be subject to the terms of

this Order which apply to such material. Transcript pages containing or constituting Attorneys' Eyes Only Information shall be separately bound by the court reporter and marked "ATTORNEYS' EYES ONLY" on each page. If the Receiving Party wishes to show non-Attorneys' Eyes Only portions of a document or transcript containing Attorneys' Eyes Only Information to a person or Party not described below in paragraph 4.3, it shall first redact all pages marked as containing Attorneys' Eyes Only Information.

3.4. Designation of Non-Paper Media: Any Confidential or Attorneys' Eyes Only Information produced in a non-paper media (e.g. videotape, audiotape, computer disk, etc.) may be designated as Confidential or Attorneys' Eyes Only Information by labeling the outside of such non-paper media as "CONFIDENTIAL INFORMATION OF (Producing Party's Name)", "CONFIDENTIAL INFORMATION OF (Producing Party's Name) — ATTORNEYS' EYES ONLY — TRADE SECRET INFORMATION" or "CONFIDENTIAL INFORMATION OF (Producing Party's Name) — ATTORNEYS' EYES ONLY" other comparable notice. In the event a non-producing party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must immediately stamp each page "CONFIDENTIAL," "CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY — TRADE SECRET" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," and the hard copy, transcription or printout shall be treated as Confidential or Attorneys' Eyes Only Information.

Any software, firmware or source code listing produced in a non-paper media designated as Confidential Attorneys' Eyes Only as defined above shall only be used, viewed, loaded or run on a standalone, non-networked computer secured within the facilities of the Receiving Party's Counsel of record at one, single location. Any and all printouts or other use from such non-paper media shall immediately be stamped and marked as Confidential Information of [Producing Party] — Attorneys' Eyes Only.

3.5. Designations on Protected Material: Any person who creates Protected Material based upon or derived from Discovery Material shall label such Protected Material as Attorneys' Eyes Only if any of such Discovery Material was so labeled; Attorneys' Eyes Only

— Trade Secret Information if any of such Discovery Material was so labeled; and if not, then as Confidential if any of such Discovery Material was so labeled. In other words, the labeling of Protected Material shall be the most restrictive labeling of any Discovery Material upon which the Protected Material is based or derived from.

4. ACCESS TO PROTECTED MATERIAL

4.1. General: A record shall be made of the names of the persons to whom disclosure of Protected Material is made (other than to Counsel). All Protected Material shall be held in the custody and control of Counsel for the Receiving Party.

4.2. Access to Confidential Information: In the absence of written permissions from the Producing Party or an order of the Court, any Confidential Information produced in accordance with the provisions of paragraph 3.1 above shall be used solely for purposes of litigation between the parties hereto, and shall not be disclosed to or discussed with any person other than (a) Counsel for the Receiving Party including necessary support personnel of such Counsel and court reporters taking testimony involving such Confidential Information and their support personnel; (b) employees of the Receiving Party whose review of such information is required for the conduct of the above-entitled litigation; (c) Independent Experts; and (d) the individual who authored, prepared, or who by sworn testimony can be shown to have received the information before this lawsuit commenced. Except for non-testifying experts, the name, affiliation and credentials of each Independent Expert must be disclosed to the Producing Party prior to his or her review of the Confidential Information as provided in paragraph 5.1. Nothing contained in this Order shall affect the right of the Producing Party to disclose to anyone Confidential Information that it has designated.

4.3. Access to Attorneys' Eyes Only — Trade Secret Information: In the absence of written permission from the Producing Party or an order of the Court, any Attorneys' Eyes Only — Trade Secret Information produced in accordance with the provisions of paragraph 3.2 above shall be used solely for purposes of litigation between the parties hereto, and shall not be disclosed to or discussed with any person other than (a) Counsel and court reporters taking

testimony involving such Attorneys' Eyes Only Information and their support personnel; (b) Independent Experts; (c) the individual who authored, prepared, or who by sworn testimony can be shown to have received the information before this lawsuit commenced; and (d) any of up to four employees of a Receiving Party that are currently employed by the Receiving Party at the time of the disclosure and agree to be bound by this Protective Order. Except for non-testifying experts, the name, affiliation and credentials of each Independent Expert must be disclosed to the Producing Party prior to his or her review of the Attorneys' Eyes Only — Trade Secret Information as provided in paragraph 5.1. The names of a Receiving Party's four designated employees shall be disclosed to the Producing Party prior to his or her review of the Attorneys' Eyes Only — Trade Secret Information. Quantum agrees to allow Subodh Kulkarni, Mark Le Clair, Robert Martin and Joe Bailey to be designated by Imation. Quantum will designate Dara Seng, Haresh Rangwani, Sat Mallick and Phil Ritti. No person entitled to review "Attorneys' Eyes Only" information may participate directly or indirectly in the prosecution of Patents for the parties related to tape drives or tape cartridges during this litigation and until one (1) year after the close of this litigation including appeals. Under no circumstances shall Attorneys' Eyes Only — Trade Secret Information be made available to any other employee, manager, director, attorney, agent or independent contractor of the Receiving Party. Nothing contained in this Order shall affect the right of the Producing Party to disclose to anyone Attorneys' Eyes Only — Trade Secret Information that it has designated.

4.4. <u>Access to Attorneys' Eyes Only — Confidential Information</u>: In the absence of written permission from the Producing Party or an order of the Court, any Attorneys' Eyes Only Information produced in accordance with the provisions of paragraph 3.2 above shall be used solely for purposes of litigation between the parties hereto, and shall not be disclosed to or discussed with any person other than (a) Counsel for the Receiving Party including necessary support personnel of such Counsel and court reporters taking testimony involving such Attorneys' Eyes Only Information and their support personnel; (b) Independent Experts; and (c) the individual who authored, prepared, or who by sworn testimony can be shown to have

received the information before this lawsuit commenced. Except for non-testifying experts, the name, affiliation and credentials of each Independent Expert must be disclosed to the Producing Party prior to his or her review of the Attorneys' Eyes Only Information as provided in paragraph 5.1. No person entitled to review "Attorneys' Eyes Only" Information may participate directly or indirectly in the prosecution of Patents for the parties related to tape drives or tape cartridges during this litigation and until one (1) year after the close of this litigation including appeals. Under no circumstances shall Attorneys' Eyes Only information be made available to any other employee, manager, director, attorney, agent or independent contractor of the Receiving Party except as stated in this paragraph, provided that the parties expressly reserve the issue until a later time of whether in-house Counsel may receiving Attorneys' Eyes Only Information under this Protective Order. Nothing contained in this Order shall affect the right of the Producing Party to disclose to anyone Attorneys' Eyes Only Information that it has designated.

5. Custody of Protected Material: All documents containing information designated Confidential or Attorneys' Eyes Only and notes or other records regarding that information shall be maintained in the custody of Counsel for the parties, and no partial or complete copies thereof containing Protected Material shall be retained by anyone else at any location other than an office of Counsel not on the premises of Party, except that Independent Experts may retain documents on a temporary basis for purposes of study, analysis, and preparation of this case at offices that are not on the premises of a Party. A person who removes Protected Material from the office of Counsel shall maintain it in a manner that limits access to qualified persons and shall record in writing the access of each person by time, date and name except as provided in Paragraph 3.3 regarding non-paper media. At no time shall individuals involved in prosecuting a parties' patents related to tape cartridges have access to such materials. All persons who receive information designated as "Attorney's Eyes Only" shall refrain from prosecuting patents and licensing of a parties' patents in the area of tape cartridges during the pendency of this litigation and until one (1) year after the conclusion of this litigation, including appeals.

5.1. Independent Experts: Subject to the provisions of this Order, Protected Material may be disclosed to an Independent Expert only if that Independent Expert has agreed in writing to be bound by this Order, and has certified that the prospective Independent Expert is not a competitor of any Party to these actions, or a consultant for, or employed by, such competitor with respect to the specific subject matter of this case. This certification shall be in the form attached hereto as Exhibit B. The parties shall identify and provide a copy of the current resume of each testifying Independent Expert to whom they intend to disclose confidential information of a Producing Party before they disclose such information.

5.2. Acknowledgment of Protective Order: Before obtaining access to any Protected Material covered by this Protective Order, any person, except for Counsel, who is permitted to have access to Protected Material under this Protective Order must signify assent to the terms of this Protective Order by executing the acknowledgment attached as Appendix A (or Appendix B, for Independent Experts), indicating that they have read and understood this protective order and agree to be bound by its terms.

6. HANDLING OF PROTECTED MATERIAL

6.1. Court Reporters' Acknowledgment of Protective Order: Before a court reporter receives any Confidential or Attorneys' Eyes Only Information, he or she shall have first read this Order and agreed in writing or on the record to be bound by the terms thereof.

6.2. Filing Protected Material with the Court: In the event that any Confidential or Attorneys' Eyes Only Information is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript or other paper filed with the Clerk of this Court, the Confidential or Attorneys' Eyes Only document shall be filed and kept under seal by the Clerk until further order of this Court. Any Protected Material filed under seal shall be filed in sealed envelopes upon which shall be endorsed the title of this action, an identification of the nature of the contents of such sealed envelope, the name of the Party filing the materials, the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL, ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER,"

and a statement substantially in the following form: "This envelope contains documents subject to a Protective Order entered into this action. It is not to be opened nor the contents thereof to be displayed, revealed or made public, except by order of the Court." No such sealed envelope shall be opened by anyone other than Court personnel, absent an order from the Court identifying by name the person or persons who may have access to the sealed material and specifically designating which portions of the sealed file may be revealed.

6.3. Working Copies: Nothing herein shall restrict a qualified recipient, subject to the provisions of paragraph 3.4, from: (a) making working copies, abstracts, digests and analyses of such information for use in connection with this action between the parties to the above entitled litigation or (b) converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

6.4. Inadvertent Disclosure of Protected Material: If a Party through inadvertence produces any Confidential or Attorneys' Eyes Only Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential or Attorneys' Eyes Only and should be treated as such in accordance with the provisions of this Protective Order. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.

6.5. Examination and Testimony Regarding Protected Material:

(a) A Party or present employee of a Party may be examined and may testify concerning all Confidential and Attorneys' Eyes Only Information produced by that Party;

(b) A former employee of a Party may be examined and may testify concerning all Confidential and Attorneys' Eyes Only Information produced by that Party which pertains to the period or periods of his employment and prior thereto;

6.6. Designation of Transcript: Any transcript containing Confidential or Attorneys' Eyes Only Information not previously properly designated shall be designated as containing such information within thirty (30) days of receipt of the transcript by the Producing Party; absent such designation, the transcript shall not be subject to this Protective Order.

6.7. Request for Production in Unrelated Legal Proceedings: In the event any person or party having possession, custody or control of any Protected Material receives a subpoena or other process or order to produce such information from an entity or person who is not a party to this action, such person or party shall (a) notify by mail the counsel of record of the party claiming such Confidential or Attorneys' Eyes Only treatment of the document sought by such subpoena or other process or order, (b) furnish the counsel of record with a copy of said subpoena or other process or order, and (c) cooperate with respect to all reasonable procedures sought to be pursued by the party whose interests may be affected. The party asserting the Confidential or Attorneys' Eyes Only treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the party asserting the Confidential or Attorneys' Eyes Only treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

7. DESIGNATION NOT DETERMINATIVE OF STATUS

There is no obligation to challenge the propriety of a Confidential or Attorneys' Eyes Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. All challenges to the propriety of a Confidential or Attorneys' Eyes Only designation shall first be made to the Producing Party in writing by letter or other document identifying with specificity the material challenged. Within seven (7) days of such a challenge, the designating party shall substantiate the basis for such designation in writing, or forever waive

the protections of this Protective Order with respect to the challenged information. Such challenges shall be resolved in good faith on an informal basis if possible. If the dispute cannot be resolved, the party challenging the designation may seek appropriate relief from this Court. The burden of persuasion or proof shall be on the party claiming confidentiality.

8. RIGHT TO FURTHER RELIEF

Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

9. AMENDMENT

This Protective Order may not be amended without agreement of Counsel for all Parties in the form of a written stipulation filed with the Court or by an order of the Court after a duly noticed motion.

10. RIGHT TO ASSERT OTHER OBJECTIONS

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement of the parties or by the Court.

11. FINAL DISPOSITION

Within sixty (60) days after final termination of this action, each Party shall assemble all documents and things furnished and designated by any other Party as containing Confidential or Attorney's Eyes Only Information including materials provided and subject to section 3.4 and such materials provided to Independent Experts and shall either (i) return such documents and things to the Producing Party, or (ii) destroy the documents and things and provide a certificate of destruction. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

12. TERMINATION AND SURVIVAL OF OBLIGATIONS

No restriction imposed by this Protective Order may be terminated, except by a written stipulation executed by counsel of record for the Producing Party, or by an order of this Court for good cause shown. The termination of this action shall not automatically terminate the obligations specified in this Protective Order.

Date: January 7, 2002

QUANTUM CORPORATION

By:_______________

THOMAS FRASER
TODD WIND
FREDRIKSON & BYRON, P.A.
1100 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
(612) 347-7000

JOHN DeQ. BRIGGS
JAMES G. KRESS
HOWREY SIMON ARNOLD & WHITE LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

G. HOPKINS GUY
ROBERT E. FREITAS
DAVID T. ALEXANDER
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, California 94025
(650) 614-7400

IMATION CORPORATION

By:______________________________

DANIEL R. SHULMAN
GRAY, PLANT, MOOTY, MOOTY, & BENNETT, P.A.
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 55402
(612) 343-3984

JOHN G. SHULMAN
SHULMAN LAW FIRM, P.A.
1612-1/2 Lake Street
Minneapolis, Minnesota 55408
(612) 871-2909

Michael J. Bettinger
PRESTON GATES & ELLIS, LLP
One Maritime Plaza, Suite 2400
San Francisco, CA 94111

IT IS SO ORDERED.

Dated: 1/9, 2002

John M. Mason
United States Magistrate Judge

APPENDIX A
CONFIDENTIALITY AGREEMENT

I, ________________________________, hereby acknowledge that:

1. I have read the Protective Order entered in the action presently pending in the United States District Court for the District of Minnesota entitled *Imation Corp. v. quantum Corporation*;

2. I understand the terms of the Protective Order;

3. I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms.

DATED:

____________________________________
Signature

____________________________________
Name

____________________________________
Present Employer

____________________________________
Title/Occupation

____________________________________
Address

____________________________________
City State ZIP

____________________________________
Telephone Number

APPENDIX B
CONFIDENTIALITY AGREEMENT
(For Independent Experts)

I, ________________________________, hereby acknowledge that:

1. I have read the Protective Order entered in the action presently pending in the United States District Court for the District of Minnesota entitled *Imation Corp. v. quantum Corporation*;

2. I represent that I am not employed by any competitor to the parties to this action, nor am I employed as a consultant to any of these parties;

3. I understand the terms of the Protective Order;

4. I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms.

DATED:

______________________________
Signature

______________________________
Name

______________________________
Present Employer

______________________________
Title/Occupation

______________________________
Address

______________________________
City State ZIP

______________________________
Telephone Number

::ODMA\PCDOCS\FBDOCS1\2601954\1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.